UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BARTHOLOMEW CRAWFORD,

                              Petitioner,

           -v.-

MICHAEL CAPRA, *Superintendent, Sing Sing Correctional Facility*,

                              Respondent.

20 Civ. 8574 (KPF) (SDA)

**ORDER**

---

KATHERINE POLK FAILLA, District Judge:

      On April 4, 2022, the Court adopted in full Magistrate Judge Stewart D. Aaron's Report and Recommendation and denied Petitioner Bartholomew Crawford's petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 (the "Petition") against Respondent Superintendent Michael Capra of the Sing Sing Correctional Facility in Ossining, New York. (Dkt. #36). Thereafter, on April 21, 2022, Petitioner filed a motion for a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c), seeking the Second Circuit's review of two questions: (i) whether district courts are ever entitled to apply "clear error" review to contested issues raised through timely objections to a magistrate judge's report and recommendation, and (ii) whether habeas deference precludes application of the principle that the mere presence of a defendant's DNA on a movable object at the scene is, without more, insufficient to sustain a conviction unless the government can show that the forensic evidence was left during the commission of the crime. (Dkt. #38, 39). On May 9, 2022, Respondent filed submission in opposition to Petitioner's request for a COA.

(Dkt. #41). And on May 16, 2022, Petitioner filed a reply. (Dkt. #42). As outlined in the remainder of this Order, the Court denies Petitioner's request for a COA.

## LEGAL STANDARD

Section 2253(c)(2) of the Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "Construing this requirement, the Supreme Court has instructed that a federal court should not deny a COA 'merely because it believes the applicant will not demonstrate an entitlement to relief.'" *Hoffler* v. *Bezio*, 726 F.3d 144, 154 (2d Cir. 2013) (quoting *Miller-El* v. *Cockrell*, 537 U.S. 322, 337 (2003)). Instead, a COA should issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Id.* (quoting *Slack* v. *McDaniel*, 529 U.S. 473, 478 (2000)); *see also Slack*, 529 U.S. at 483-84 (explaining that to obtain a COA under § 2253(c), a habeas prisoner's burden includes "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'").

## DISCUSSION

Petitioner has not made the requisite "substantial showing" with respect to either of the constitutional issues raised in the instant motion. *First*, Petitioner argues that a COA should issue so that the Second Circuit may

consider whether a district court's application of "clear error" review to any objections made to a magistrate judge's report and recommendation is consistent with 28 U.S.C. § 636 and Article III of the U.S. Constitution. (Dkt. #39 at 4-5). In reviewing Judge Aaron's report and recommendation, this Court found "there to be no error — let alone clear error — in his recommendation to reject Petitioner's argument that the Appellate Division violated clearly established federal law in upholding Petitioner's conviction." (Dkt. #36 at 13). Respondent is thus correct that the content of the Court's Order reflects that *de novo* review of Judge Aaron's report and recommendation would not have altered the outcome of this case. (Dkt. #41 at 3).

*Second*, Petitioner argues that a COA should issue to allow the Second Circuit to address the question of whether the mere presence of a defendant's DNA on a movable object at the scene is, without more, insufficient to sustain a conviction, unless the government can show that the forensic evidence was necessarily left during the commission of the crime. (Dkt. #39 at 4-5). The Court agrees with the arguments outlined in Respondent's submission (*see* Dkt. #41 at 3-4), outlining why reasonable jurists could not debate the Court's conclusion that the Appellate Division's decision to affirm Petitioner's conviction was not contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1). Therefore, the Court does not accept this argument as grounds to issue a COA.

## CONCLUSION

Since Petitioner has not made a substantial showing of the denial of a constitutional right, a COA will not issue. *See* 28 U.S.C. § 2253(c); *Love* v. *McCray*, 413 F.3d 192, 195 (2d Cir. 2005). The Clerk of Court is directed to terminate the pending motion at docket entry 38.

SO ORDERED.

Dated:  May 19, 2022
        New York, New York

                                            _____
                                            KATHERINE POLK FAILLA
                                            United States District Judge